JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1966 AG (DTBx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | CARLOS CASTELLON v PENN-RIDGE TRANSPORTATION, INC et al | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THE ACTION TO STATE COURT

On June 22, 2015, Plaintiff Carlos Castellon ("Plaintiff") filed this putative class action against Defendant Penn-Ridge Transportation, Inc. ("Defendant") in San Bernardino Superior Court. ("Complaint," Dkt. No. 1.) On September 24, 2015, Defendant removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. Section 1332(a). (*Id.*)

Before the Court is Plaintiff's Motion to Remand to State Court ("Motion to Remand," Dkt. No. 15) and Defendant's "Motion to Dismiss Complaint and Motion to Strike Class Allegations" ("Motion to Dismiss," Dkt. No. 10).

The Court GRANTS Plaintiff's Motion to Remand and therefore does not consider Defendant's Motion to Dismiss. The Court REMANDS the action to state court.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1966 AG (DTBx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | CARLOS CASTELLON v PENN-RIDGE TRANSPORTATION, INC et al | | |

**PRELIMINARY MATTERS**

The parties bicker over whether they properly met and conferred before filing their Motions. Fortunately, the Court does not need to resolve this spitting match because the Court has its own obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. § 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The parties also dispute which version of the Complaint is operative. On September 18, 2015, Plaintiff filed a "First Amended Class Action Complaint" ("FAC") in San Bernardino Superior Court. (Dkt. No. 15-2, Ex. A.) On October 2, 2015, Plaintiff served Defendant with the FAC. (Proof of Service, Dkt. No. 15-2, Ex. B.) Because Defendants removed before Plaintiff served the FAC, the original Complaint is operative here. In any event, Plaintiff seems to concede that the initial Complaint is operative. (Pl.'s Reply, Dkt. No. 21, at 10.)

**BACKGROUND**

Defendant delivers goods of major retailers to homes. (Complaint ¶ 17.) Plaintiff worked for Defendant from 2011 to 2015. (*Id.* ¶ 9.) Plaintiff represents a class defined as "all . . . individuals who worked in California as a Delivery Driver and/or Delivery Helper for Defendants at any time during the four years preceding the filing of this action, and continuing until class certification." (*Id.* ¶ 1.)

Plaintiff's Complaint alleges various violations of the California Labor Code. Specifically, the Complaint alleges that Defendant misclassified its employees as independent contractors; failed to pay employees minimum wages, overtime wages, and double time wages; failed to reimburse employees for business expenses; failed to provide employees rest periods and meal breaks; failed to provide employees itemized wage statements during the pay period; and failed to pay employees all earned wages on separation. (*Id.* ¶¶ 26–36.) Plaintiff further alleges that Defendant also violated California's Unfair Competition Law ("UCL") under

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1966 AG (DTBx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | CARLOS CASTELLON v PENN-RIDGE TRANSPORTATION, INC et al | | |

California Business and Professions Code Section 17200. (*Id.* ¶ 122.) Plaintiff seeks "damages, unpaid wages, restitution, penalties, liquidated damages, interest, costs, and attorney's fees." (*Id.* ¶ 23.)

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Our founders created diversity jurisdiction in the federal courts to avoid interstate biases. *See Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1157 (C.D. Cal. 2009). This worthy goal comes at the cost of denying state trial and appellate courts the chance to determine matters of state law. Appropriately, federal courts must "'jealously' guard their own jurisdiction." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005) (citing *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988)). The $75,000 threshold for diversity jurisdiction ensures that federal courts are not venues for "petty controversies" involving matters of state law. Erwin Chemerinsky, *Federal Jurisdiction* 328 (6th ed. 2012) (citing S. Rep. No. 1830, 85th Cong., 2d Sess.)

"To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand." *Padilla*, 697 F. Supp. 2d at 1158; *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Padilla*, 697 F. Supp. 2d at 1158 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where, as here, the Complaint does not allege an amount in controversy, the removing party bears the burden of proving "by a preponderance of the evidence" that the amount in controversy requirement is met. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir.1997). This burden requires the removing defendant to show that it is "more likely than not" that the amount in

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1966 AG (DTBx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | CARLOS CASTELLON v PENN-RIDGE TRANSPORTATION, INC et al | | |

controversy is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996).

**ANALYSIS**

Defendant argues that this Court has subject matter jurisdiction under 28 U.S.C. Section 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000. The parties do not dispute diversity. Instead, Plaintiff argues that Defendant did not prove that the amount in controversy exceeds the $75,000 threshold. (Pl.'s Reply, at 6.) Defendant tries to meet the amount in controversy requirement in two ways. Neither way convinces the Court. Defendant does not argue that this Court has jurisdiction under the Class Action Fairness Act of 2005.

**1. Whether Defendant Meets the Amount in Controversy Through Aggregating Claims**

Defendant first tries to aggregate the damages of the putative class to show that the amount in controversy requirement is met. (Def.'s Opp'n, Dkt. No. 18, at 5–6.) But in class actions that are removed under Section 1332(a), the Court may aggregate class members' claims "only when they 'unite to enforce a single title or right in which they have a common and undivided interest.'" *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). A common and undivided interest exists when each party can enforce their claims individually, separate from the group. *Id.* To start, Defendant does not argue that Plaintiff asserts a common and undivided interest. Further, the Ninth Circuit has stated that wage and hour claims are "rights [that] are held individually" and that for wage and hour claims, "[e]ach employee suffers a unique injury [that] can be redressed without the involvement of other employees." *Id.* (citing *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 41 (1911)). Thus, the Court is not convinced that Defendant can met the amount in controversy requirement by aggregating the damages for the wage and hour claims of all class members.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1966 AG (DTBx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | CARLOS CASTELLON v PENN-RIDGE TRANSPORTATION, INC et al | | |

**2. Whether Defendant Meets the Amount in Controversy Based on Named Plaintiff's Individual Damages**

Defendant argues that even without aggregation, Plaintiff's individual damages still exceed $75,000. At this point, the Court reaches a fork in the road of whether to use Defendant's calculations in its Notice of Removal or in its Opposition. Fortunately, taking either path does not lead to federal jurisdiction. In the Notice of Removal, Plaintiff's individual damages add up to $7,659, well below the $75,000 threshold. Defendant's Opposition also fails to convince the Court that it has federal jurisdiction. Defendant's various calculations for the named Plaintiff's individual damages add up to $69,357 plus attorneys fees. (Pl.'s Opp'n at 8.) To reach that number, Defendant includes damages of $2,000 for failure to reimburse business expenses, $1,499 for meal period violations, $2,998 for failure to provide rest periods, $4,000 for failure to provide itemized wage statements, and $2,160 for failure to pay all wages due at separation. (*Id.*) Defendant also tries to include additional penalties to reach the $75,000 threshold. Those penalties include $17,500 Labor Code Section 226.8 for unlawful misclassification, $19,600 under Labor Code Section 1197.1 for failure to pay minimum wages, and $19,600 under Labor Code Section 1197.1 for failure to pay overtime and double time wages. (*Id.* at 7–8.)

The Labor Code provides for two sets of penalties: (1) *statutory penalties* that are recoverable directly by employees; and (2) *civil penalties* that are recoverable by the labor law enforcement agency, or employees bringing claims under the Labor Code Private Attorneys General Act of 2004 (PAGA). *See Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 374 (2005). PAGA provides a way for "aggrieved employees" to initiate a private lawsuit to collect civil penalties. *Id.* at 370. Plaintiff argues, among other things, that because the Complaint does not allege a PAGA claim, Plaintiff does not have a way to enforce the penalties under Labor Code Sections 226.8 and 1197.1 and Defendant therefore may not include those penalties in its calculations. (Pl.'s Reply, Dkt. No. 21, at 6.)

Because Plaintiff's Complaint does not allege a PAGA claim that would enable Plaintiff to

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1966 AG (DTBx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | CARLOS CASTELLON v PENN-RIDGE TRANSPORTATION, INC et al | | |

enforce those penalties, the Court is unconvinced that those penalties should be included in the amount in controversy. To start, Defendant has not persuaded the Court that penalties under Labor Code Section 226.8 are directly enforceable by Plaintiff. *See Noe v. Superior Court*, 237 Cal. App. 4th 316, 339 (2015) (noting that the language of the Labor Code 226.8 "precludes a private right of action"); *see also Rosset v. Hunter Eng'g Co.*, No. C 14-01701 LB, 2014 WL 3569332, at *8 (N.D. Cal. 2014) (dismissing a claim under Section 226.8 for willful misclassification that was asserted by Plaintiffs in their individual capacities.) Similarly, the penalties under Labor Code Section 1197.1 are only recoverable under PAGA. *See* Cal. Labor Code §§ 2699.3, 2699.5.

Lastly, Defendant attempts to include attorneys fees to meet the amount of controversy. (Def.'s Opp'n at 9.) Defendant may include attorneys fees in its calculations. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds as recognized by Rodriguez v. AT&T Mobility Serv., LLC*, 728 F.3d 975, 976–77 (9th Cir. 2013). But Defendant provides no estimates or factual support regarding the amount of expected attorney fees in this case. Thus, Defendant does not sufficiently convince this Court that the inclusion of attorneys fees will bring the amount in controversy over the $75,000 threshold.

Defendant has not sufficiently shown at this time that the amount in controversy exceeds $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). If Defendant finds in the future that the jurisdictional requirement is satisfied, Defendant may try again to remove this case to federal court. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1966 AG (DTBx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | CARLOS CASTELLON v PENN-RIDGE TRANSPORTATION, INC et al | | |

**DISPOSITION**

The Court GRANTS Plaintiff's Motion to Remand. Because the Court has determined that remand is proper, the Court does not consider Defendant's Motion to Dismiss. The Court REMANDS the action to state court.

                                                                    :    0

                                    Initials of Preparer
                                                         lmb